# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**WARREN GREGORY KEITH II**                                **PLAINTIFF**

**v.**                  **No: 3:20-cv-00004 BSM-PSH**

**KYLE FRENCH,** *et al.*                                       **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Warren Gregory Keith II filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 6, 2020, while incarcerated at the Craighead County

Detention Center (Doc. No. 2).[1] Keith was granted *in forma pauperis* status, and his amended complaint (Doc. No. 4) was served on Defendants Kyle French and Willie Black (Doc. Nos. 3 & 6).

On April 1, 2021, Defendants filed a motion to dismiss Keith's complaint, asserting that they had received returned mail sent to Keith at his last known address, the Craighead County Detention Center (Doc. No. 26). Defendants attached a copy of the returned mail (Doc. No. 26-1). The Court entered a text order the same day directing Keith to respond to the Defendants' motion to dismiss and to update his address (Doc. No. 27). Keith was warned that his failure to provide a current mailing address within thirty days would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The Court's April 1 order was returned to the Clerk of the Court as undeliverable and entered on the docket (Doc. No. 28).

More than 30 days have passed, and Keith has not complied or otherwise responded to the April 1, 2021 order. Keith failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without

---

[1] In its initial order to Keith, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified Keith that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 3.

prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

IT IS THEREFORE RECOMMENDED THAT the Defendants' motion to dismiss (Doc. No. 26) be granted and that Keith's complaints (Doc. Nos. 2 & 4) be DISMISSED WITHOUT PREJUDICE.

DATED this 6th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE